# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| BEHZAD PILTAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23-1819T |
| v. ) | (Filed: March 27, 2024) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Behzad Piltan, Pro Se, Canoga Park, CA.

Melissa A. Hammer, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, with whom were David I. Pincus, Chief, Court of Federal Claims Section, and David A. Hubbert, Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Plaintiff Behzad Piltan, proceeding pro se, alleges in his complaint that the IRS wrongfully disallowed his 2016 tax refund claim and seeks a refund in the amount of $8,376.00 plus applicable interest. Compl. at A6–A7, Docket No. 1. In response, the government moved to dismiss Mr. Piltan's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1). It argues, among other things, that the case became moot after Mr. Piltan filed suit in this Court when the IRS refunded the full amount of the alleged overpayment plus interest. See Def.'s Mot. to Dismiss at 1, 6, Docket No. 8 [hereinafter Def.'s Mot.]. For the reasons set forth below, the Court concludes that this case is moot. Therefore, the government's motion to dismiss, Docket No. 8, is **GRANTED**.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991), and may consider all pleadings as well as matters of which it may take judicial notice, see Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)).

When a case becomes moot, the Court lacks subject-matter jurisdiction, and it must order dismissal without proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83,

94–95 (1998). Mootness doctrine arises out of the "case or controversy" requirement of Article III of the United States Constitution. *See* U.S. Const. art. III, § 2, cl. 1; Flast v. Cohen, 392 U.S. 83, 94–95 (1968). Although the jurisdiction of this Court, as an Article I court, is not limited by the "case or controversy" requirement of Article III, this Court and other Article I courts apply many Article III justiciability precepts—including the doctrine of mootness—to resolve dispositive motions on prudential grounds. See, e.g., Schooling v. United States, 63 Fed. Cl. 204, 208 n.7 (2004) (dismissing case for lack of subject-matter jurisdiction because claims asserted in the complaint were moot); CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 558 (2000) (citing Zevalkink v. Brown, 102 F.3d 1236, 1243 (Fed. Cir. 1996)) (granting motion to dismiss for mootness). See also Anderson v. United States, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). Claims for money, such as the claim involved in this case, generally become moot when the plaintiff receives the compensation sought in their complaint. See Haddock v. United States, 161 Fed. Cl. 6, 17 (2022) (collecting cases). Here, the IRS paid Mr. Piltan the full amount of the refund he requested plus statutory interest on December 11, 2023. See Def.'s Mot. at 6; see also App. to Def.'s Mot., Ex. 1, at 4, Docket No. 8-1. As a result, Mr. Piltan has received the compensation he sought in his complaint. Because his complaint is now moot, dismissal is therefore warranted. See Davis, 440 U.S. at 631; Chapman Law Firm Co. v. United States, 490 F.3d 934, 940 (Fed. Cir. 2007) ("When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.").

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss for lack of subject matter jurisdiction, Docket No. 8, is **GRANTED**. Plaintiffs Complaint, ECF No. 1, is therefore **DISMISSED**. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

ELAINE D. KAPLAN
Chief Judge